UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

GARY L. BOLYARD,
an individual,

    Plaintiff,

vs.                                                CASE NO:

WELLS FARGO BANK, NATIONAL
ASSOCIATION,

    Defendant.
_____/

## COMPLAINT

Plaintiff, Gary L. Bolyard ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues WELLS FARGO BANK, NATIONAL ASSOCIATION, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq.*, ("Americans with Disabilities Act" or "ADA") and alleges:

## JURISDICTION AND PARTIES

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2.    Venue is proper in this Court, the Northern District of Alabama

pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Northern District of Alabama.

3. Plaintiff, Gary L. Bolyard (hereinafter referred to as "Bolyard") is a resident of the State of Alabama and is a qualified individual with a disability under the ADA. Bolyard suffers from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that he suffers from post polio syndrome requiring him to use a wheelchair for mobility. Prior to instituting the instant action, Bolyard visited the Defendant's premises at issue in this matter on or about July 19, 2019, and was denied full, safe and equal access to the subject properties due to their lack of compliance with the ADA. Bolyard continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4. The Defendant, WELLS FARGO BANK, NATIONAL ASSOCIATION, is a foreign corporation registered to do business and, in fact, conducting business in the State of Alabama. Upon information and belief, WELLS FARGO BANK, NATIONAL ASSOCIATION, (hereinafter referred to as "WFBNA") is the owner, lessee and/or operator of the real property and improvements that are the subject of this action, specifically Wells Fargo Bank located at 9300 Parkway East, Birmingham, Alabama (hereinafter referred to as the

"Bank").

5. All events giving rise to this lawsuit occurred in the Northern District of Alabama.

## COUNT I - VIOLATION OF THE ADA

6. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

7. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Bank owned by WFBNA is a place of public accommodation in that it is a Bank operated by a private entity that provides goods and services to the public.

8. Defendant has discriminated and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the WFBNA in derogation of 42 U.S.C §12101 *et seq*.

9. The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Bank owned by WFBNA. Prior to the filing of this lawsuit, Plaintiff visited the Bank at issue in this lawsuit

and was denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact as a result of the specific barriers listed in Paragraph 11, below, that the Plaintiff personally encountered. In addition, Plaintiff continues to desire and intends to visit the Bank, but continues to be injured in that he is unable to and continues to be discriminated against due to the barriers to access that remain at the Bank in violation of the ADA. Bolyard has now and continues to have reasonable grounds for believing that he has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

10. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

11. WFBNA is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

    i.    No raised signage is present at accessible parking spaces to designate them as such;

    ii.    No raised signage is present at van accessible parking spaces to designate them as such;

    iii.    Accessible parking spaces are routinely abused by customers without accessible tags or placards and are not policed or otherwise maintained to ensure their availability for people with disabilities;

    iv.    The ramp to ATM is too steep and contains flared sides that are too steep for a wheelchair user;

    v.    There is no accessible route between the ATM and the entry to the bank due to shrubs that obstruct the clear width of the sidewalk necessary for a wheelchair user to pass;

    vi.    The ramp to main entry of the bank is too steep for a wheelchair user;

    vii.    No level landing is provided at the main entry door to the bank for a wheelchair user to enter independently;

    viii.    No clear floor space is provided on the latch, pull side of the main entry door to the bank due to a plastic cone/bollard placed in the wheelchair maneuvering space necessary for a wheelchair user to enter the bank independently.

12. There are other current barriers to access and violations of the ADA at the Bank owned and operated by WFBNA that were not specifically identified

herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

13. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

14. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, E&K was required to make its Bank, a place of public accommodation, accessible to persons with disabilities by January 28, 1992.  To date, WFBNA has failed to comply with this mandate.

15. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by Defendant pursuant to 42 U.S.C. §12205.

16. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against WFBNA and

requests the following injunctive and declaratory relief:

    A.    That the Court declares that the property owned and administered by Defendant is violative of the ADA;

    B.    That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C.    That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

    D.    That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

    E.    That the Court awards such other and further relief as it deems necessary, just and proper.

Dated this 25th day of July, 2019.

Respectfully submitted,

By:   /s/ Edward I. Zwilling
Edward I. Zwilling
Bar No.: ASB-1564-L54E

**OF COUNSEL:**

Law Office of Edward I. Zwilling
4000 Eagle Point Corporate Dr.
Birmingham, Alabama 35242
Telephone:  (205) 822-2701
Email: edwardzwilling@zwillinglaw.com